## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-mj-149-SKC

UNITED STATES OF AMERICA,

   Plaintiff,

v.

SIMON ANDREAS LANGER,

   Defendant.

---

## PLEA AGREEMENT

---

The United States Attorney's Office for the District of Colorado (the "Office"), by and through, Bryan David Fields, Assistant United States Attorney for the District of Colorado, and the defendant, Simon Andreas Langer, personally and by counsel, Edward Harris, submit the following Plea Agreement, pursuant to D.C.COLO.LCrR 11.1.

### I.   PLEA AGREEMENT

#### A. *Defendant's Obligations*

1.   The defendant agrees to plead guilty to an Information charging him with a misdemeanor violation of the Endangered Species Act, 16 U.S.C. §§ 1538(a)(2)(E), (g) and 1540(b)(1).

2.   The defendant recommends and will agree that an appropriate disposition of this case requires punishment in the form of a sentence of (1) time served in prison, (2) the payment a criminal fine in the amount of $3,750, which should be directed to the Lacey Act Reward

1

Account pursuant to 16 U.S.C. §§ 1540(d) and 3375(d), (3) a community service payment of $1,250 to the National Fish and Wildlife Foundation ("NFWF"), which is a congressionally-chartered non-profit organization established by 16 U.S.C. § 3701-3710 for the purpose of furthering the conservation and management of, among other things, plant resources. The payment to the NFWF shall be sent to the following address: National Fish and Wildlife Foundation, Attn: Chief Financial Officer, 1133 15th Street NW, Suite 1100, Washington, DC 20005, with the case number specified in the note field of the check. NFWF shall exclusively use the payment to fund projects related to the conservation of CITES-protected cactus plants. This payment constitutes community service as part of the plea agreement and, because it is part of a criminal judgment, the defendant agrees that he will not characterize, publicize or refer to it as a voluntary donation or charitable donation. Furthermore, the defendant agrees not to seek any reduction in tax obligations or seek any other benefit that might otherwise accrue from a payment to a charitable organization.

### B. The Office's Obligations

3.      In exchange for the defendant's plea of guilty to the count charged in the Information, the Office agrees not to file any additional criminal charges in the District of Colorado against the defendant based on information presently known to the Office, as outlined in the statement of facts set forth in paragraphs 12-22.

4.      The Office recommends and will agree that the punishment set forth above in paragraph 2 is sufficient, but not greater than necessary, to accomplish the goals of statutory sentencing codified at 18 U.S.C. § 3553(a). Accordingly, the Office agrees not to argue for or otherwise seek a higher sentence.

5.      This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

### C.  *Defendant's Waiver of Appeal*

6.      The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the Office in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds 6 months' imprisonment or a fine of more than $25,000; or (2) the Office appeals the sentence imposed.  If any of these two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

7.      The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D.  *The Defendant's Cooperation Agreement*

8.      The defendant agrees to provide truthful, complete and accurate information, and agrees to cooperate fully with the government.  Deliberate falsehoods or misinformation

3

provided during his cooperation with the government would be grounds for rescission of this

plea agreement as well as possible further prosecution for perjury or false statements.  This

cooperation will include, but is not limited to, the following:

      a.        The defendant agrees to be fully debriefed, and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

      b.        The defendant agrees to furnish to the government all non-privileged documents and other material that may be relevant to the investigation and that are in the defendant's possession or control.

      c.        The defendant agrees to testify fully and truthfully at any proceeding in the District of Colorado or elsewhere as requested by the government.

      d.        The defendant agrees that he will at all times give complete, truthful and accurate information and testimony and that he will fully and truthfully disclose all information with respect to the activities of himself and others concerning all matters about which the government inquires.

      e.        The defendant consents to postponements of his sentencing, as requested by the government and as approved by the Court.  Should the defendant be required to provide testimony at a time subsequent to his sentencing in this case and should the defendant fail, at a later date, to comply with the obligation to testify, the government could seek to recharge him on any and all counts which were dismissed as part of this plea agreement.

9.      The defendant understands that failure to cooperate as set forth above in

paragraphs 8(a) – 8(e) would constitute a material breach of this agreement.  Upon such a

material breach, the defendant would not be entitled to withdraw his plea of guilty or otherwise

attack his conviction, except as set forth above in paragraphs 6 and 7, but the government would

be relieved of its obligations under this agreement, including the obligation set forth in paragraph

3. The parties understand that the government's determination of whether the defendant has

cooperated fully is entirely within the good faith discretion of the government.

4

## II.  **ELEMENTS OF THE OFFENSE**

10.     The parties agree that the elements of the offense to which this plea is being

tendered are as follows:

> *First*, the defendant attempted to knowingly violate an implementing regulation issued under the Endangered Species Act regarding the export of a threatened plant;
>
> *Second*, the plant that was the object of the attempted export was a Cochise Pincushion Cactus (*Coryphantha robbinsiorum* or *Escobaria robbinsorum*) which is, in fact, threatened;
>
> *Third*, the defendant acted unlawfully, that is without permission from the United States Department of the Interior.

## III.  **STATUTORY PENALTIES**

11.     Pursuant to Title 16, United States Code, Section 1540, the maximum statutory

penalty for a violation of Title 16, United States Code, Section 1538(a)(2)(B), as charged in the

Information, is not more than 6 months' imprisonment, a fine of $25,000 (or both imprisonment

and a fine) and a $10 special assessment.  There is no restitution in this case.

12.     A violation of any condition(s) of probation may result in a separate prison

sentence and additional supervision.

## V.  **STIPULATION OF FACTS**

13.     The parties agree that there is a factual basis for the guilty plea that the defendant

will tender pursuant to this plea agreement. That factual basis, accurate at all times relevant to

this agreement, is set forth below in paragraphs 14-24.  As part of this agreement, the defendant

admits, accepts and acknowledges that the facts described in paragraphs 14-24 are true and

accurate.

5

14.     The Endangered Species Act ("ESA"), 16 U.S.C. § 1531, et seq., implements the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), which was signed by the United States in 1973 and became effective in 1975. CITES, March 3, 27 U.S.T. 1087, 993 U.N.T.S. 243 CITES. 16 U.S.C. §1537(a). Species listed by CITES 180 member nations are placed on one of three appendices and given a sliding scale of protection. 50 C.F.R. Part 23. Appendix I includes species threatened with extinction and is the most restrictive, banning plant trade between two countries for commercial purposes. Appendix II allows commercial trade under permit for species not yet considered in danger of imminent extinction but which must be controlled in order to avoid utilization incompatible with survival. Appendix III contains species that are protected in at least one country which has asked the other CITES countries for assistance in controlling trade.

15.     The ESA also makes it unlawful for any person to violate any regulation pertaining to endangered or threatened species listed by the Secretary of the Interior or Commerce. 16 U.S.C. § 1538(a)(2); 50 C.F.R. § 23.13. "Plant" is defined to include the parts and seeds of a plant. 16 U.S.C. § 1532(14).

16.     Pursuant to 50 C.F.R. § 17.61 it is unlawful to (a) export any endangered plant, (b) remove or reduce to possession any endangered plant from an area under Federal jurisdiction, or (c) deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever, and in the course of commercial activity, an endangered plant. . These same prohibitions apply to threatened plants, unless a permit is first obtained. 50 C.F.R. § 17.71. Under 50 C.F.R. § 17.72, all exporters seeking a permit for a threatened plant must submit an

6

application, Form 3-200, to the United States Fish and Wildlife Service (the "Service"), pursuant to the permitting process set forth at 50 C.F.R. § 17.72.

17.     *Escobaria robbinsorum, Coryphantha robbinsorum*, and *Cochiseia robbinsorum*, colloquially known as the "Cochise Pincushion Cactus," "Robbin's Cory Cactus" or the "Cochise Foxtail Cactus," (the "Cochise Pincushion") is a CITES Appendix II species that has been listed as "threatened" under the ESA since January 9, 1986. 50 C.F.R. §17.12. Accordingly, it is subject to regulations promulgated by the Secretary of the Interior, including the prohibitions set forth at 50 C.F.R. §§ 17.61 and 17.71. On April 6, 2007, the USFWS's Ecological Services office published a Cochise Pincushion Cactus 5-Year Review which included the following paragraph:

> Illegal collecting of this species was identified as a potential threat in the recovery plan and listing documents (USFWS 1986 and 1993). The desirability of this species, coupled with its limited distribution, increases the potential for significant impacts to populations if illegal collection were to occur. No evidence of illegal collection within known populations has been observed. However, collection remains a real threat to this species due to its limited numbers and distribution. Cochise pincushion cacti are available commercially on a limited basis, but if interest in this species increases or commercial availability decreases, pressure to collect plants from the wild may increase. The unique, rare nature of this species increases its desirability among collectors.

18.     On December 4, 2018, the defendant sent an email from the email address Langer.Simon.1990@web.de to the Cochise County Sheriff's Office ("CCSO"). In the email, the defendant explained that he was from Black Forest, Germany and stated "I love Cactus a long time, I have some plants in my smal [sic] collection." The defendant then told the CCSO that he had previously been in the United States to look at cacti in their natural habitats. He then specified "I wont [sic] to search some Cactus ( Escobarria robbinsorum ) near the Sycamore

7

Canyon Road" and asked whether travelling along that road, which is near the border with Mexico, would be safe.  The defendant's comment about his collection was false.  In fact, the defendant had a collection of over 200 cactuses and intentionally minimized the size of that collection to avoid the additional scrutiny that might come from being recognized as a serious cactus collector.

19.     A CCSO Ranch Patrol Deputy responded to the defendant, telling him that he had grown up in Cochise County, knew the area, and could show the defendant where there is a "stand of coryphantha robbinsorum."  He also noted that the area in question is "very remote" with "little to no law enforcement presence" and alerted the defendant to the area's problem with drug and human smuggling.

20.     The defendant responded in an email on December 6, 2018 by thanking the deputy for the offer to show him the cactus.  He then asked the deputy for "coordinates or acurate Informations where i can find Corphantha robbinsorum [sic]," saying he would not give the information to others and only wanted to "make Photos from the Plants."  The defendant's statement that he would only photograph the plants was false.  The defendant declined the offer to be shown the cactus by a Sheriff's deputy, despite the dangers associated with a remote border area, because he intended to take seeds from the plant for his collection, knew that it was wrong, and knew that he would be prevented from doing so if he found seeds while with a law enforcement officer."

21.     On or about June 10, 2019 the defendant secretly removed seeds from a Cochise Pincushion while in Arizona.  When approached by a Federal Wildlife Officer about his cactus-related activities, the defendant falsely told the officer that he was only photographing the

8

Cochise Pincushion and that he had not taken any seeds. He also falsely told the officer that he was scheduled to depart on June 29 or June 30, 2019 when, in fact, he was scheduled to depart on June 24, 2019. The purpose of these false statements was to conceal his attempt to export Cochise Pincushion seeds.

22.     On or about June 24, 2019, the defendant checked into a flight to Europe at Denver International Airport, turning over a blue suitcase as part of his checked luggage. Inside the blue suitcase was a white cardboard box with the logo "Route 66" embossed on the side. Taped to the top of the box was a handwritten note that stated "CACTUS SEEDS — NO CITES 1 or U.S. FISH & WILDLIFE SEEDS OR PLANTS INSIDE!" Below that was a sketched picture of what appeared to be a Saguaro-type cactus. Inside the box, taped to the side and flopped on top of the box's contents, was a business card for the officers the defendant had spoken with in Arizona. Below the business card were 111 small transparent glassine envelopes containing seeds. Written on each of the envelopes was the scientific Latin names for various cactus species. None of the envelopes listed seeds belonging to the Cochise Pincushion. The box and its contents were seized by the Service.

23.     The defendant knew that it was illegal to try to export seeds belonging to the Cochise Pincushion. However, the defendant nevertheless attempted to export the seeds so that he could cultivate cactuses in his native country of Germany and sell them. Because he knew it was wrong to take the seeds from the United States, he intentionally tried to conceal them from inspectors or other law enforcement personnel by (1) falsely stating in the note taped to the box in his luggage that none of his cactus seeds were "U.S. Fish & Wildlife Seeds," (2) intentionally omitting any reference to the Cochise Pincushion from any of the envelopes in that box, and (3)

placing the Cochise Pincushion seeds in an envelope falsely labeled with the name of a different, much more common and unprotected, cactus species: *Mammillaria Yarahamii*.

24.     At no time did the defendant apply for or receive permission from the United States Department of the Interior to export Cochise Pincushion seeds.

## VI.  ADVISORY GUIDELINE COMPUTATION AND §3553 ADVISEMENT

25.     The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.  In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission (the "Commission").  However, pursuant to United States Sentencing Guideline § 1B1.9, the Commission has determined that the advisory sentencing guidelines do not apply to cases such as this one that involve Class B misdemeanors.  The parties agree that there is no restitution for the crime charged in the Information.

26.     The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be up to imprisonment for the statutory maximum term, regardless of any term of this agreement or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMEMT

25.     This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or

implied.  In entering this agreement, neither the Office nor the defendant has relied, or is relying,

on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: _09/07/2019_

SIMON ANDREAS LANGER
Defendant

Date: _7/9/19_

Edward Harris
Attorney for Defendant

Date: _7/9/19_

Bryan David Fields
Assistant United States Attorney

11

A translation of AMB German Law Consulting, LLC, July 8, 2019, Angelika M. Bush, Translator

### Translator's Certification

  I, Angelika M. Bush, am a translator for AMB German Law Consulting, LLC and certify that the attached document is a true and accurate translation of the original document presented to me and that I am fluent in both English and German.

Dated:  July 8, 2019

                                
                    Angelika M. Bush

STATE OF COLORADO    )
              ) ss.
COUNTY OF EL PASO    )

  The foregoing instrument was subscribed and sworn to before me on this 8th day of July, 2019, by Angelika M. Bush

  Witness my hand and official seal.

  My commission expires  02/02/2020

```
DENISE G YERKEY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID # 19984001939
MY COMMISSION EXPIRES FEBRUARY 02, 2020
```
[SEAL]

                  Denise G. Yerkey, Notary Public